# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| SARAH FREELE, individually and as next friend of M.F., a minor, | § § § | Civil Action No. 3:21-cv-01104-X |
| Plaintiffs, | § § | |
| v. | § § | |
| ADT LLC, | § § | |
| Defendant. | § § | |

## ADT LLC'S ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

Defendant ADT LLC ("ADT") hereby files its Answer and Defenses to Plaintiffs' Original Complaint ("Complaint").

All allegations not expressly and specifically admitted are expressly and specifically denied. In response to the allegations in the specific numbered paragraphs, ADT answers the Complaint as follows:

### I.     JURISDICTION AND VENUE

1. ADT denies the allegations set forth in Paragraph 1 of the Complaint.

2. The allegations set forth in Paragraph 2 constitute legal conclusions to which no response is required. To the extent a response may be required, ADT denies the allegations.

3. The allegations set forth in Paragraph 3 constitute legal conclusions to which no response is required. To the extent a response may be required, ADT denies the allegations.

4. The allegations set forth in Paragraph 4 constitute legal conclusions to which no response is required. To the extent a response may be required, ADT denies the allegations.

## II.   PARTIES

5. Upon information and belief, ADT admits that Sarah Freele is an individual and next friend of M.F., a minor, who both reside in Texas. ADT expressly denies any assertions inconsistent with this admission.

6. ADT admits the allegations in Paragraph 6 of the Complaint.

## III.   FACTS

7. ADT admits that it has been in the security business for over 145 years and has been providing residential security systems and monitoring plans. ADT denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. ADT denies the allegations set forth in Paragraph 8 of the Complaint.

**A.   ADT Promised to Keep Sarah Freele Safe with its Pulse System.**

9. ADT admits that it offers consumers security system products, which may include, among other things, hardware to operate the system, monitoring services, and installation. ADT denies the remaining allegations in Paragraph 9 of the Complaint.

10. ADT admits it offers various home security systems. ADT states that the security systems referenced in Paragraph 10 of the Complaint speak for themselves and ADT denies Plaintiffs' characterization of those systems and denies the remaining allegations in Paragraph 10 of the Complaint.

11. ADT admits it offers ADT Pulse. ADT states that the materials referenced in Paragraph 11 of the Complaint speak for themselves and ADT denies Plaintiffs' characterization of those materials and denies the remaining allegations in Paragraph 11 of the Complaint.

12. ADT states that the materials referenced in Paragraph 12 of the Complaint speak for themselves. ADT denies Plaintiffs' characterization of those materials and denies the allegations in Paragraph 12 of the Complaint.

13. ADT states that the materials referenced in Paragraph 13 of the Complaint speak for themselves. ADT denies Plaintiffs' characterization of those materials and denies the allegations in Paragraph 13 of the Complaint.

14. ADT states that the materials referenced in Paragraph 14 of the Complaint speak for themselves. ADT is without knowledge as to how or whether "[c]onsumers use" the ADT Pulse Mobile application but admits that the Pulse Mobile application allows a Site Owner or Secondary User to remotely access their home security cameras and to review live-streaming video or stored video clips for a certain period of time. To the extent not expressly admitted, ADT denies the remaining allegations in Paragraph 14 of the Complaint.

15. ADT admits that logging in to the ADT Pulse Mobile application or the ADT Pulse web portal are two ways Site Owners and Secondary Users can access their Pulse accounts to remotely access the smart home features of their Pulse account. ADT denies the remaining allegations in Paragraph 15 of the Complaint.

16. ADT admits that installation and configuration by an ADT technician is required for an ADT Pulse System to operate. ADT denies the remaining allegations in Paragraph 16 of the Complaint.

17. ADT states that the material referenced in Paragraph 17 of the Complaint speaks for itself. ADT admits that its technicians provide installation and testing of ADT Pulse systems. ADT denies Plaintiffs' characterization of the material. ADT denies all remaining allegations in Paragraph 17 of the Complaint inconsistent with this admission.

18. ADT states that the material referenced in Paragraph 18 of the Complaint speaks for itself. ADT admits that its technicians provide installation and testing of ADT Pulse

systems. ADT denies Plaintiffs' characterization of the material. ADT denies all remaining allegations in Paragraph 18 of the Complaint inconsistent with this admission.

19. ADT states that the material referenced in Paragraph 19 of the Complaint speaks for itself. ADT denies Plaintiffs' characterization of the material and denies the allegations in Paragraph 19 of the Complaint.

20. ADT states that the survey referenced in Paragraph 20 of the Complaint speaks for itself. ADT denies Plaintiffs' characterization of the survey. ADT admits that it is committed to consumer privacy and admits that ADT technicians are not authorized to access a customer's audio or video without that customer's consent. ADT denies the remaining allegations in Paragraph 20 of the Complaint.

21. ADT denies the allegations set forth in Paragraph 21 of the Complaint.

**ADT Allows its Employee to Spy on Sarah Freele and 200 other ADT customers.**

22. ADT admits that Ms. Freele contacted ADT to have some security cameras added to her ADT home security system. ADT is without knowledge or information as to the truth of the remaining allegations set forth in Paragraph 22 of the Complaint and therefore denies those allegations.

23. ADT admits that on July 27, 2017, Telesforo Aviles went to Ms. Freele's home. ADT denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24. ADT is without knowledge or information as to the truth of the allegations set forth in Paragraph 24 of the Complaint and therefore denies those allegations.

25. ADT denies the allegations in Paragraph 25 of the Complaint.

26. ADT admits the allegations in Paragraph 26 of the Complaint.

27. ADT admits Aviles added his email address into Ms. Freele's security account. ADT denies the remaining allegations set forth in Paragraph 27 of the Complaint.

28. ADT denies the allegations set forth in Paragraph 28 of the Complaint.

29. ADT denies the allegations set forth in Paragraph 29 of the Complaint.

30. ADT denies the allegations set forth in Paragraph 30 of the Complaint.

31. ADT admits it notified Ms. Freele and other customers about the unauthorized conduct of its former employee Telesforo Aviles, whereby Mr. Aviles abused his ADT credentials by putting his personal email address on approximately 220 Pulse-based customer accounts in the Dallas, Texas area, including Ms. Freele's account. ADT denies the remaining allegations not specifically admitted in Paragraph 31 of the Complaint.

32. ADT denies the allegations set forth in Paragraph 32 of the Complaint.

33. ADT denies the allegations set forth in Paragraph 33 of the Complaint.

34. ADT denies the allegations set forth in Paragraph 34 of the Complaint.

35. ADT denies the allegations set forth in Paragraph 35 of the Complaint.

36. ADT denies the allegations set forth in Paragraph 36 of the Complaint.

## IV.   CAUSES OF ACTION

**COUNT ONE: VIOLATION OF THE DTPA**

37. In response to allegations set forth in Paragraph 37 of the Complaint, ADT restates and incorporates by reference its answers to Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. The allegations set forth in Paragraph 38 of the Complaint constitute legal conclusions to which no response is required. To the extent a response may be required, ADT denies the allegations.

39. The allegations set forth in Paragraph 39 of the Complaint constitute legal conclusions to which no response is required. To the extent a response may be required, ADT denies the allegations.

40. ADT denies the allegations set forth in Paragraph 40 of the Complaint.

41. ADT denies the allegations set forth in Paragraph 41 of the Complaint.

42. ADT denies the allegations set forth in Paragraph 42 of the Complaint.

43. ADT denies the allegations set forth in Paragraph 43 of the Complaint.

44. ADT denies the allegations set forth in Paragraph 44 of the Complaint.

45. ADT denies the allegations set forth in Paragraph 45 of the Complaint.

46. ADT denies the allegations set forth in Paragraph 46 of the Complaint.

47. ADT denies that Plaintiffs are entitled to the relief sought in Paragraph 47 of the Complaint.

**COUNT TWO: NEGLIGENT SUPERVISION AND RETENTION**

48. In response to allegations set forth in Paragraph 48 of the Complaint, ADT restates and incorporates by reference its answers to Paragraphs 1 through 47 of the Complaint as if fully set forth herein.

49. ADT denies the allegations set forth in Paragraph 49 of the Complaint.

50. ADT denies the allegations set forth in Paragraph 50 of the Complaint.

51. ADT denies the allegations set forth in Paragraph 51 of the Complaint.

52. ADT denies the allegations set forth in Paragraph 52 of the Complaint.

53. ADT denies the allegations set forth in Paragraph 53 of the Complaint.

54. ADT denies that Plaintiffs are entitled to the relief sought in Paragraph 54 of the Complaint.

## CONDITIONS PRECEDENT

55. The allegations in Paragraph 55 of the Complaint state a legal conclusion to which no response is required. To the extent a response may be required, ADT denies the allegations.

## ARBITRATION UNAVAILABLE

56. ADT admits that Ms. Freele executed a Residential Alarm Services contract with ADT, which contains an arbitration provision. ADT denies the remaining allegations not specifically admitted in Paragraph 56 of the Complaint.

57. ADT denies the allegations set forth in Paragraph 57 of the Complaint.

58. The allegations set forth in Paragraph 58 of the Complaint constitute legal conclusions to which no response is required. To the extent a response may be required, ADT denies the allegations.

59. ADT denies the allegations set forth in Paragraph 59 of the Complaint.

## PRAYER

ADT denies that Plaintiffs are entitled to the relief sought in the PRAYER clause following Paragraph 59 of the Complaint, including subparts 1-7.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burdens where they otherwise rest, ADT asserts the following defenses and affirmative defenses to Plaintiffs' claims:

1. The Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred by the applicable statutes of limitations or repose.

3. Plaintiffs failed to provide ADT with the required pre-suit notice of their Deceptive Trade Practices Act claim.

4. Plaintiffs failed to exercise reasonable care and diligence to mitigate their damages, if any. Plaintiffs may not claim as damages those items that were not mitigated by them, and/or their damages should be reduced by law.

5. The negligence, fault, or carelessness of Plaintiffs or other third parties, persons, or entities over which ADT had no control, caused or contributed to Plaintiffs' alleged damages and, therefore, any recovery by Plaintiffs against ADT is barred or diminished in proportion to the amount of negligence, fault, or carelessness attributable to Plaintiffs and any other party, person, or entity.

6. The damages alleged, if any, were proximately caused by an unforeseeable independent, intervening, and/or superseding event beyond the control and unrelated to any actions or conduct of ADT. ADT's actions and conduct, if any, were superseded by the negligence and/or wrongful conduct of others.

7. Should ADT be held liable to Plaintiffs, which liability is specifically denied, ADT maintains that Plaintiffs' claims for medical expense damages, if any, are subject to the restrictions found in Texas Civil Practice and Remedies Code § 41.0105.

8. ADT pleads that the recovery of medical expenses, if any, by the Plaintiffs must be limited to the amount that is both reasonable and necessary and actually paid or incurred by or on behalf of Plaintiffs as provided under the Texas Civil Practice and Remedies Code § 41.0105.

9. ADT further pleads that to the extent any award of pre-judgment interest is sought on exemplary damages, such award violates § 41.007 of the Texas Civil Practice and Remedies Code.

10. ADT further asserts that Plaintiffs' claim for punitive damages is barred pursuant to §§ 41.003-.013 of the Texas Civil Practice and Remedies Code.

11. Should ADT be held liable to Plaintiffs, which liability is specifically denied, ADT would be entitled to a set-off for the total of all amounts paid to Plaintiffs from all collateral sources.

12. At all relevant times, ADT complied with all applicable laws, rules, regulations, and standards.

13. The contract bars Plaintiffs' claims and/or limits recoverable damages.

14. ADT's liability is limited by the terms of a contract.

15. ADT hereby gives notice that it intends to rely upon such other defenses as may become available or appear during the course of discovery, arbitration, and/or trial in this case and hereby reserves the right to amend its Answer and Defenses to assert any such defense.

## **PRAYER**

WHEREFORE, having fully answered Plaintiffs' Complaint, ADT LLC denies that Plaintiffs are entitled to any of the relief requested, and prays that the Complaint be dismissed with prejudice with costs against Plaintiffs, in addition to any other relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Brian Rawson*
Brian Rawson
Texas Bar No. 24041754
brawson@hartlinebarger.com
Roy McKay
Texas Bar No. 27071171
rmckay@hartlinebarger.com
Holly Naehritz
Texas Bar No. 24083700
hnaehritz@hartlinebarger.com
Hartline Barger, LLP
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
Telephone: (214) 369-2100
Facsimile: (214) 369-2118

and

SHOOK, HARDY & BACON L.L.P.

Charles C. Eblen (*pro hac vice*)
ceblen@shb.com
Jason R. Scott (*pro hac vice*)
jscott@shb.com
Kerensa Cassis (*pro hac vice forthcoming*)
kcassis@shb.com
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

***Attorneys for Defendant ADT LLC***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 30, 2021, the foregoing was presented to the Clerk of Court for filing and uploading to the CM/ECF system, and for service upon the following counsel of record:

Jon-Bernard Schwartz
jon@jbschwartzlaw.com
Elizabeth M. Branning
liz@jbschwartzlaw.com
JB SCHWARTZ PLLC
Two Turtle Creek
3838 Oak Lawn Avenue, Suite 1000
Dallas, Texas 75219
Telephone:  (214) 380-0751
Facsimile:   (214) 306-5174

*Attorneys for Plaintiffs Sarah Freele,*
*Individually and as Next Friend of M.F.*

*/s/ Brian Rawson*
Brian Rawson